# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**Chambers of**
**Michael A. Hammer**
United States Magistrate Judge

Martin Luther King Federal Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101
(973) 776-7858

July 28, 2025

To: All counsel of record

### LETTER OPINION AND ORDER

RE: **Strike 3 Holdings, LLC v. JOHN DOE subscriber assigned IP address 108.35.148.236**
**Civil Action No. 2:25-12273 (ES) (MAH)**

Dear Counsel:

This Letter Opinion and Order will address Plaintiff Strike 3 Holdings, LLC's ("Strike 3") motion for leave to serve a third-party subpoena to ascertain the identity of the subscriber assigned Internet Protocol ("IP") address 108.35.148.236 ("John Doe") for the dates relevant to the Complaint. Mot. for Leave to Serve Third-Party Subpoena, July 10, 2025, D.E. 5. Plaintiff seeks to obtain this information before the Rule 26(f) scheduling conference in this matter pursuant to Federal Rule of Civil Procedure 26(d)(1). Br. in Supp., July 10, 2025, D.E. 5-1, at 1. The Court has considered Plaintiff's submission and, pursuant to Federal Rule of Civil Procedure 78, has decided the motion without oral argument. For the reasons set forth below, the Court will grant the motion.

### I.  BACKGROUND

Plaintiff Strike 3 filed a Complaint in the United States District Court, District of New Jersey against John Doe. Compl., June 27, 2025, D.E. 1. Plaintiff Strike 3 is a Delaware limited-

liability company that claims ownership of adult motion pictures with United States copyright registrations. *Id.* at ¶¶ 2, 11. Plaintiff alleges that Defendant illegally downloaded and distributed twenty-six of Plaintiff's copyrighted works via the BitTorrent file distribution system, in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.*[1] *Id.* at ¶¶ 4, 6, 17-46, 49, 51-52.

Plaintiff asserts that it does not know the identity of the Defendant and only knows that the alleged infringement described in the Complaint was carried out using IP address 108.35.148.236. *Id.* at ¶ 5. Accordingly, Plaintiff seeks leave to issue a subpoena on the relevant Internet Service Provider ("ISP"), in this case, Verizon Online LLC ("Verizon Fios"), in accordance with the Cable Communications Policy Act of 1984. Br. in Supp., D.E. 5-1, at 1. Plaintiff asserts that the ISP, having assigned that IPS address, can compare the IP address with its records to ascertain Defendant's identity. *Id.* at 1-2. Plaintiff further asserts that this information is essential because without it, Plaintiff would have no other means of determining the true identity of Defendant, and, consequently, will not be able to serve Defendant John Doe and enforce its copyright. *Id.*

**II.   LEGAL STANDARD AND ANALYSIS**

Under Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by [Federal Rule of Civil Procedure] 26(f)." Fed. R. Civ. P. 26(d). However, the Court has the authority to grant leave to conduct discovery prior to that conference. *Id.* When evaluating a motion for expedited discovery, the Court should assess the full record and determine whether the request is reasonable given the surrounding circumstances. *See Better Packages, Inc. v. Zheng*, No. 05-4477, 2006 WL 1373055, at *11 (D.N.J. May 17, 2006); *Malibu Media, LLC v. Does 1-11*, No. 12-7615, 2013 WL 12407010,

---

[1] Plaintiff asserts that it detected Defendant's copyright violations using its infringement detection system, VXN Scan. Compl., June 27, 2025, D.E. 1, at ¶¶ 27-39. In the Complaint, Plaintiff explains that "while Defendant was using BitTorrent file distribution network, VXN Scan established multiple direct TCP/IP connections with Defendant's IP address" and downloaded one or more pieces of Plaintiff's copyrighted material from Defendant. *Id.* at ¶¶ 29-39.

2

at *4 (D.N.J. Feb. 26, 2013). Courts faced with motions for leave to serve expedited discovery requests aimed at identifying John Doe defendants in internet copyright infringement cases often apply the "good cause" standard. *Manny Film LLC v. Doe Subscriber Assigned IP Address 50.166.88.98*, 98 F. Supp. 3d 693, 694 (D.N.J. 2015) (quoting *Modern Woman, LLC v. Does 1-X*, No. 12-4859, 2013 WL 707908, at *2 (D.N.J. Feb. 26, 2013)). Good cause is found where "the need for expedited discovery" is weighed "in consideration of the administration of justice" and ultimately "outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

Courts in this District have applied the "good cause" analysis and permitted early, but limited, discovery under similar circumstances. *See Plastic the Movie Ltd. v. Doe*, No. 15-2476, 2015 WL 2159287, at *2 (D.N.J. May 6, 2016). *In Malibu Media, LLC v. Does 1-11*, for example, the plaintiff sought leave to serve third-party subpoenas to discover the name, address, telephone number, email address, and Media Access Control ("MAC") addresses of various John Doe defendants. *Malibu Media, LLC v. Does 1-11*, No. 12-7615, 2013 WL 12407010, at *1 (D.N.J. Feb. 26, 2013). The defendants in *Malibu Media* were accused of using the same BitTorrent file-sharing network that John Doe is alleged to have used in the present case. *Id.* Therein, the Court acknowledged the presence of competing interests. *Id.* at *4. On one side, the plaintiff claimed to be the owner of copyrighted works and sought to protect those rights. *Id.* On the other hand, the Court recognized that disclosing broad or intrusive information could place "an undue burden on individuals who may have provided their information to an ISP, but who did not engage in the alleged illegal distribution of [the] Plaintiff's work." *Id.* at *3. To balance these concerns, the Court granted the plaintiff's request for early discovery but limited the scope. This allows plaintiffs to issue subpoenas seeking information that is only necessary to advancing the case: specifically, the name and address of the IP address account holder. *Id.* at *4. Other courts within this District have undergone the same analysis and imposed similar limitations. *See, e.g., Plastic*

*The Movie Ltd. v. Doe*, No. 15-2476, 2015 WL 2159287, at *3 (D.N.J. May 6, 2015) (limiting subpoena's scope to the "name and address of [Defendant]"); *see also Manny Film LLC*, 98 F. Supp. 3d at 695 (limiting subpoena's scope to the user's IP address by granting the plaintiff's motion to serve subpoenas prior to a Rule 26(f) conference); *Malibu Media, LLC v. Doe*, No. 14-3874, slip op. ¶ 7 (D.N.J. Sept. 2, 2014) (same); *Voltage Pictures v. Does*, No. 12-6885, 2013 WL 12406868, at *4 (D.N.J. May 31, 2013) (granting leave to serve subpoena requesting only the name, address, and MAC address associated with a particular IP address).

      The Court finds that there is good cause to allow limited discovery before the Rule 26(f) conference in this matter. Plaintiff requests information that is essential for identifying the proper defendant and to effectuate service of any Amended Complaint. While the Court acknowledges that the IP account holder may not be the individual responsible for the alleged infringement, the appropriate inquiry under Rule 26(b)(1) is "not whether the information sought will lead to identifying the infringer but whether the information sought reasonably leads to the discovery of admissible evidence." *Malibu Media, LLC v. Does*, No. 12-7789, 2014 WL 229295, at *9 (D.N.J. Jan. 21, 2014). However, it is possible that the IP account holder "either knows, or has additional information which could lead to the identification of the alleged infringer." *Id.* Therefore, such information falls within the broad scope of discovery permitted under Rule 26.

      Therefore, the Court finds that Plaintiff may serve Verizon Fios with a subpoena pursuant to Federal Rule of Civil Procedure 45, limited to obtaining the name and address of the subscriber associated with IP address 108.35.148.236. This narrowly tailored scope addresses the needs identified above while also considering the potential impact on a subscriber who may not be personally involved in the alleged infringement. Plaintiff is not permitted to request the subscriber's telephone numbers, email addresses, or MAC addresses. Plaintiff shall attach a copy of this Letter and Opinion Order to the subpoena. Plaintiff shall limit its use of the information solely for purposes of this litigation and must be prepared to provide any responsive information

to any defendant who appears in this case.[2]

### III. CONCLUSION

For the foregoing reasons, Strike 3 is permitted to serve Verizon Fios with a narrowly tailored subpoena.

So Ordered.

*s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Before filing an Amended Complaint naming a specific individual as a defendant, Plaintiff shall ensure that it has an adequate factual basis to do so. The Court does not find or suggest that Plaintiff may rely solely on the subscriber's affiliation with the IP address in question as the basis for its claims by permitting this discovery.